A. Harpending *v*. Commonwealth.

**Taxation—Deduction of Indebtedness.**

> A person assessed for taxation on money is entitled to have deducted therefrom the amount of his indebtedness.

APPEAL FROM CALDWELL CIRCUIT COURT.

December 10, 1874.

Opinion by Judge Peters:

In 1873 appellant, under the equalization law, listed with the assessor for Caldwell county, $1,200 for taxation. The supervisors for said county raised the amount to $20,000. He then applied to the court of said county to have the amount reduced to $5,000, which the court refused to do, and he has appealed to this court.

On the trial appellant was examined as a witness in his own behalf, and proved that at the commencement of the war he purchased seven United States bonds of the denomination of $1,000 each, and had $4,000 in United States currency; that having concluded to organize a national bank in Princeton, Ky., he went to New York, and friends there agreed to furnish him what money he might want for that purpose; that with the money he had and what he borrowed in New York, he was enabled to purchase $27,000 of United States bonds; that he went to Washington City to deposit the bonds and to get the national currency, but on his arrival there he found the expenses to be incurred were too great, and he abandoned the purpose of organizing a bank, sold six of his United States bonds, and retained the 21 which he then had; that his friends in New York subsequently furnished him with money, which, with the proceeds of the six bonds he had sold, made about the sum of $20,000, all of which is loaned out, and secured by mortgages on real estate in Caldwell county, Kentucky, and of said sum $15,000 are borrowed, and for which he was indebted.

By an act of the legislature approved January 9, 1852, it is made the duty of the assessors of this commonwealth, after having taken

the list of all property required to be specifically listed, to require each person on oath to fix the amount he or she is worth from all other sources, on the day to which said list relates, after taking out his or her indebtedness from said amount, etc.

2 Rev. Stat. 253. This indebtedness of appellant, from his statement under oath, appears to be just and owing for a valuable consideration, and such as he had a right to have taken from the fund loaned out, and that he should be required to pay tax on the residue thereof, being $5,000.

Wherefore the judgment is *reversed* and the cause is remanded for a judgment to be rendered in conformity to this opinion.

*James R. Hewlett, for appellant.*
*John Rodman, for appellee.*